UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCIS MCQUEEN ROZELLE, JR., ET AL., | § § § | |
| *Plaintiffs*, | § § | |
| | § | Civil Action No.  SA-16-CV-489-XR |
| v. | § § | |
| JOHN PATRICK LOWE, ET AL., | § § | |
| *Defendants*. | § | |

**ORDER**

On this date, the Court considered the status of the above captioned case, and its many pending motions. After careful consideration, the Court finds that Plaintiffs voluntarily dismissed their claims against all defendants except for John Patrick Lowe, and that Lowe's First Amended Motion to Dismiss should be granted for a lack of subject matter jurisdiction. The result is that all claims against all defendants are hereby DISMISSED. The Court further denies Defendants' requests for sanctions.

**BACKGROUND**

**I.    Plaintiffs' Allegations**

On May 31, 2016, Plaintiffs Francis McQueen Rozelle, Jr. and Clarita Sommers Johnson, acting *pro se* at the time, filed their original complaint. Docket no. 1. They "complain . . . of Anti-Trust, Illegal Restraint of Trade, Tortious Interference with Existing Contract, Tortious Interference with Prospective Relations, Breaches of Fiduciary Duty, Fraud Under the Provision of Rule 60, and Malpractice" against ten defendants—one is the trustee to a separate bankruptcy proceeding, four are individuals, and five are business entities. *Id*. at 1–3. Plaintiffs' allegations relate to two bankruptcy proceedings in which they are the debtors. *Id*. at 4–5. Plaintiffs'

allegations surround an undeveloped 114-acre tract of land located in San Antonio, Texas between UTSA Boulevard and Interstate Highway 10 that Plaintiffs owned before these actions were commenced. *Id*.

### a. Plaintiffs' Bankruptcies

Plaintiffs filed their first bankruptcy petition under Chapter 11 on September 6, 2011. *Id*. (referencing *In re Clarita Sommers Johnson, et al.*, Case No. 11-53132-RBK (W.D. Tex. Bankr. 2011)). Plaintiffs allege that under a September 2012 plan of reorganization, they were given 18 months to sell the 114-acres and pay their creditors, one of whom was Defendant Broadway National Bank. *Id*. at 4. They allege that shortly before this plan was ordered, Broadway, who held a note securing a debt on the property, assigned that note to Defendant Stratford Land Investments, Inc. *Id*.

Plaintiffs allege that for nearly two years thereafter, they attempted to sell the property, but that Stratford, "in numerous, varied and intentional ways, interfered with each and every potential sale of the property. As a result, all sales failed." *Id*. at 5.

Plaintiffs allege that because they were unable to pay on the note that secured the debt on the property, they were forced to file their second bankruptcy petition on June 2, 2014. *Id*. (alluding to *In re Francis McQueen Rozelle, et al.*, Case no. 14-51480-RBK (W.D. Tex. Bankr.)). In this proceeding, Defendant John Patrick Lowe was appointed Chapter 11 Trustee. *Id*.

### b. Lead-Up to the Sale

After Lowe's appointment as the bankruptcy trustee, Plaintiffs allege that Lowe was contacted by Defendant Steve Sanders, who was employed by Stratford. *Id*. at 5. Sanders allegedly insisted that Lowe appoint Defendant Walter Busby, a principal of Defendant Central Texas Realty and Development LLC, to broker the property, which Lowe did. *Id*. The

bankruptcy court thereafter approved Busby's appointment as a broker. *Id*. Meanwhile, Lowe allegedly ignored Plaintiffs' proposals "regarding the appointment of a proper, honest and disinterested broker and commenced to exclude and ignore all due diligence by [them] and all information they possessed regarding the property." *Id*. According to the complaint, Sanders and Stratford, who lobbied Lowe to appoint Busby as broker, were Busby's longtime business partners. *Id*. at 5.

Plaintiffs allegedly brought what they viewed as "the enmeshed and interested nature established by [Lowe,]" to the attention of the bankruptcy court, Lowe, and Defendant Patrick H. Autry.[1] *Id*. at 6. They further informed these parties that Lowe's actions were "doing significant harm to the price of the property to be obtained at any sale." *Id*. Plaintiffs allege that their concerns were ignored by everyone, including the bankruptcy court. *Id*.

From September 2014 on, Busby, Autry, Sanders, and Lowe "orchestrated the alleged 'sale.'" *Id*. Plaintiffs allege that Sanders "vetted potential buyers," Busby and Central Texas Realty "served as a smokescreen to make it appear the property was marketed," and Lowe and Autry "made sure the scheme was properly approved through the Court." *Id*.

### c. The Sale

In March 2015, the Property sold for approximately $20 million to Defendant Robert Schumacher at an in-court auction. *Id*. at 6–7. Eventually, title to the property vested in Defendant UTSA Blvd. IH-10, LP ("UTSA, LP"), a limited partnership in which Sanders is a general partner. *Id*. Autry allegedly introduced "testimony [that was] obviously manipulated . . . and patently false," leading the bankruptcy court to confirm the sale. *Id*. at 7.

---

[1] The complaint is not entirely clear regarding Autry's role. It appears that Autry is an attorney who was involved in the bankruptcy proceedings and sale in some capacity, though it is not clear who he represented. It also appears that he is employed with the law firm of Branscomb PC, another named defendant in this case. Docket no. 1 at 10.

Plaintiffs allege that the amount received for the property was far below its worth, causing them approximately $30 million in actual damages. *Id*. at 8. They also seek "special and exemplary [treble] damages payable by the named Defendants and possibly the Court itself." *Id*.

## II.  Procedural History

### a.  Plaintiffs' Filings

Plaintiffs filed their complaint on May 31, 2016, naming the ten defendants discussed above. Docket no 1. At the time, they were unrepresented by counsel and signed the complaint themselves. *Id*. at 31

On July 5 and 6, 2016, Plaintiffs filed what were characterized as responses to a motion to dismiss. Docket nos. 10, 11.[2] In each of these "responses," Plaintiffs sought to voluntarily dismiss all claims against all defendants without prejudice. *Id*. They indicated that in drafting their complaint, they "relied on the advice of an attorney . . . that said [they] could sue the [bankruptcy] trustee," but later consulted with other counsel who indicated that they had received incorrect advice. *Id*. These filings are signed by the Plaintiffs themselves, and not by the attorney that they allegedly consulted before realizing that the initial advice was incorrect. *Id*. Several defendants oppose Plaintiffs' voluntary dismissals. Docket no. 14 (Response from Schumacher, Sanders, and UTSA, LP); Docket nos. 15, 16 (Responses from Lowe);[3] Docket no. 18 (Response from Autry and Branscomb).

On October 20, 2016, an attorney made an appearance on behalf of Plaintiffs for the first time. Docket no. 22. Thereafter, Plaintiffs responded to a pending motion for sanctions (described below). Docket no. 25. In addition, Plaintiffs filed a motion to withdraw their prior

---

[2] The latter of these two filings indicates that the earlier was filed "just as the clerk's office was closing" the day before, and due to these time constraints, lacked clarity. They are more or less the same substantively.
[3] Lowe's multiple responses likely resulted from the fact that the Plaintiffs' notices of voluntarily dismissal are styled as responses to one of Lowe's motions to dismiss. The substance of Lowe's two responses is the same.

requests to voluntarily dismiss their claims without prejudice. Docket no. 24. Defendants Autry and Branscomb filed a response to this motion, suggesting that Plaintiffs' voluntary dismissals without prejudice should not be withdrawn due to their significance to the sanctions issue. Docket no. 31.

### b.  Defendants' Filings

#### i.  Lowe

Lowe, the bankruptcy trustee, filed a motion to dismiss on June 21. Docket no. 3. On June 22, he filed his answer to Plaintiffs' complaint. Docket no. 5. On June 28, he filed his First Amended Motion to Dismiss. Docket no. 6. The Amended Motion presents the same arguments as the original motion; for this reason, the original motion (Docket no. 3) is dismissed as moot. Plaintiffs have not responded to either motion to dismiss.

#### ii.  Autry and Branscomb

Autry and Branscomb, the attorney and his law firm, filed a motion to dismiss on June 21, accompanied by a brief in support filed on July 8. Docket nos. 4, 12. They filed their answer to Plaintiffs' complaint on July 8. Docket no. 13. They filed a motion to strike on July 11. Docket no. 17. They filed a motion for sanctions on October 13. Docket no. 20. Plaintiffs did not respond to the motions to dismiss or strike (Docket nos. 4, 12 and 17), but timely responded to the motion for sanctions through their newly acquired counsel. Docket no. 25. Autry and Branscomb replied regarding the motion for sanctions. Docket no. 30. Defendant Broadway National Bank also filed a reply to Plaintiffs' response on the motion for sanctions. Docket no. 32.

### iii.  Sanders, Schumacher, and UTSA, LP

Sanders and Schumacher, and UTSA, LP, filed a motion to dismiss and for sanctions on June 29, along with an appendix in support. Docket nos. 8, 9. Plaintiffs did not respond.

### iv.  Broadway National Bank

Broadway filed a motion to dismiss on June 29 (Docket no. 7), which was mooted via text order by its July 20 motion to dismiss. Docket no. 19. Broadway filed a motion to supplement its live motion to dismiss on November 21. Docket no. 29. Plaintiffs did not respond to any of Broadway's motions.

### v.  Busby, Central Texas Realty, and Stratford

Despite Plaintiffs filing their original complaint in May 2016, there is no indication that Busby or Central Texas Realty have been served with process. In addition, Plaintiffs have not filed a return of service indicating that Stratford has been served, yet Stratford recently filed a motion to dismiss, arguing that service was not timely and that it should be dismissed under Rule 4(m). Docket no. 33. A copy of the summons indicating that Stratford was served with process on November 17 was attached to this motion. Docket no. 33-1.

## DISCUSSION

## I.  The Effect of Plaintiffs' Voluntary Dismissals

Plaintiffs filed notices on July 5 and 6, seeking to dismiss all claims in this lawsuit against all defendants without prejudice because they had received incorrect advice from previous counsel (who did not sign the complaint). Docket nos. 10, 11. After these notices were filed, three groups of defendants responded in opposition to this request, arguing that Plaintiffs' claims should be dismissed with prejudice and seeking other relief. Lowe's responses restate the arguments in his motion to dismiss in hopes of obtaining dismissal with prejudice, identification

and discipline of the attorney who helped Plaintiffs draft their complaint without signing it, and monetary sanctions against that attorney. Docket nos. 15, 16. Sanders, Schumacher, and UTSA, LP seek a dismissal with prejudice and costs under Federal Rule of Civil Procedure 41(d), along with an order preventing Plaintiffs from filing further pleadings without court approval. Docket no. 14. Autry and Branscomb likewise seek dismissal with prejudice (or, in the alternative ask that this Court retain jurisdiction to rule on its underlying motion to dismiss), and ask that the Court take up their motion for sanctions.[4] Docket no. 18.

Meanwhile, Plaintiffs seek to withdraw their notices of dismissal. Docket no. 24; *see also* Docket no. 25 ("Although Plaintiffs at one point filed documents indicating that they planned to nonsuit claims or parties (Dkt. 10 and Dkt. 11), some of the defendants opposed those filings. This litigation therefore has remained open, and the parties have continued to litigate this case as though the claims remained live . . . Nonetheless, to clarify the record, Plaintiffs are filing a Motion for Leave to Withdraw Pleadings concurrently with this Response."). Autry and Branscomb oppose withdrawal, arguing that a voluntary dismissal in these circumstances is self-executing, but that this dismissal should be with prejudice and that the Court retains jurisdiction over the sanctions issue. Docket no. 31.

### a. Plaintiffs' voluntary dismissals resulted in dismissal of all claims against all defendants except for Lowe, who had filed his answer before the dismissals occurred.

Federal Rule of Civil Procedure 41 governs voluntary dismissal of actions by the plaintiff without a court order. This rule reads:

(a) Voluntary Dismissal.
      (1) By the Plaintiff.

---

[4] Autry and Branscombs' motion for sanctions was not filed at the time of this response, but they were in the process of forwarding the motion to Plaintiffs in anticipation of filing it. Docket no. 18 at 4–5.

> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> > (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> > (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a).

Plaintiffs filed two documents that the Court construes as "notices of dismissal" under Rule 41(a)(1)(A)(i) because they contain clear language indicating that Plaintiffs wish to dismiss all claims against all defendants without prejudice. [5] As an initial matter, Lowe filed his answer before Plaintiffs sought dismissal, so Lowe cannot be voluntarily dismissed without a court order under Rule 41(a). Since there is no court order dismissing Lowe, Plaintiffs' notices of dismissal are ineffective as to Lowe, and the Court will consider his pending motions later in this order.

The Court now turns to the effect of Plaintiffs' notices of dismissal as to the other

---

[5] The first, filed July 5, does not have a title and was filed in response to a motion to dismiss. It states "we would ask to be allowed to dismiss the defendants without prejudice." Docket no. 10. The second, filed July 6, is titled "Petitioners First Amended and Corrected Response to Defendant John Patrick Lowe's Motion to Dismiss," and states "Plaintiffs request that the case be dismissed without prejudice with respect to all defendants." Docket no. 11. Though not formally titled as notices of dismissal, "[i]t is its content, not its label that matters" in construing a filing as a notice of dismissal under Rule 41. *See, e.g., Wilson & Co v. Fremont Cake & Meal Co.*, 83 F. Supp. 900, 903 (D. Neb. 1949).

defendants.[6] Once a plaintiff has filed his notice of dismissal under Rule 41(a)(1), a case is effectively terminated without further order of a court. Often cited language from the Fifth Circuit describes this automatic effect as follows:

> Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

*Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). "In short, in the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself." *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (summarizing *Am. Cyanamid*, 317 F.2d at 297).

Based on the foregoing, Plaintiffs voluntarily dismissed all claims against all defendants except for Lowe in early July with the filing of their notices. These dismissals were automatically effective when filed, requiring neither further order from the Court nor action from the parties.

### b.  Plaintiffs' attempt to withdraw their voluntary dismissals is denied.

Plaintiffs' notices of dismissal are effective as to all claims against all defendants (except for those against Lowe) despite Plaintiffs' motion to withdraw the notices of dismissal, which is hereby denied. "When a Rule 41(a)(1)(A)(i) notice of voluntary dismissal becomes effective, the plaintiff may not withdraw the notice," which is precisely what Plaintiffs seek to do here. *Luv N' Care, Ltd. v. Jackel Intern. Ltd.*, CIV.A. 13-1565, 2013 WL 5726052, at *1 (W.D. La. Oct. 21,

---

[6] The inability to dismiss Lowe does not preclude voluntary dismissal of other defendants under Rule 41(a)(1)(A)(i). *See Plains Growers, Inc. By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973); *Aggregates (Car.), Inc. v. Kruse*, 134 F.R.D. 23, 25 (D.P.R. 1991).

2013); 8-41 MOORE'S FEDERAL PRACTICE § 41.33[6][f] (2016) ("Once a notice of dismissal is filed [under Rule 41(a)(1)(A)(1)], the case is closed and the plaintiff may not unilaterally withdraw or amend the notice."). This legal premise is consistent with the general idea that a voluntary dismissal under Rule 41(a)(1) divests the court of jurisdiction. *See id.*

Plaintiffs' notices of dismissal became effective immediately and automatically upon their filing, as previously stated. Further, Plaintiffs' attempt to withdraw these notices, which is not titled as a motion, simply states "Plaintiffs . . . hereby withdraw their pleadings [entered at Docket nos. 10 and 11]." This is, by its terms, a unilateral attempt to withdraw notices of dismissal that had already become effective. In some situations, courts have treated similar requests as motions for relief from judgment under Federal Rule of Civil Procedure 60(b). *E.g., Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013). Giving Plaintiffs the benefit of the doubt and construing their "withdrawal" as a motion for relief from judgment under Rule 60(b), they present no substantive argument to justify the withdrawal; their attempt to withdraw their dismissals is truly unilateral and without legal justification.[7] Plaintiffs' Motion to Withdraw (Docket no. 24) is therefore denied. As a result, all claims against all defendants except for Lowe were voluntarily dismissed through Plaintiffs' notices of dismissal.

### c. Whether Plaintiffs' voluntary dismissals are with prejudice under the two dismissal rule of Rule 41(a)(1)(B) is not properly before this Court.

Having determined that Plaintiffs' voluntary dismissals under Rule 41(a)(1)(A)(i) are effective against most defendants, the Court now turns to whether these dismissals are with or without prejudice. Rule 41 provides that "[u]nless the notice or stipulation states otherwise, the

---

[7] Autry and Branscomb make a brief argument under Rule 60(b), seeking relief from the judgment effectuated by Plaintiffs' notices of dismissal; they ask that the Court consider their motion to dismiss under Rule 12(b)(6) despite the notices. Docket no. 18 at 4. This request is denied, as Autry and Branscomb do not identify a specific ground for relief under Rule 60(b), nor do they make a showing of "extraordinary circumstances" sufficient to invoke the catchall clause of Rule 60(b)(6). *See Yesh Music*, 727 F.3d at 363.

dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." FED. R. CIV. P. 41(a)(1)(B). Plaintiffs' notices of dismissal stated that they are without prejudice. Docket nos. 10, 11. This comports with the general application of Rule 41(a)(1)(B).

Numerous defendants argue, however, that Plaintiffs have "previously dismissed [an action] based on or including the same claim," bringing Plaintiffs' dismissals in this case within the exception laid out in Rule 41(a)(1)(B) to make them *with prejudice*.[8] This exception is referred to as the two dismissal rule. *Theard v. Dep't of Civil Serv., La.*, CIV.A. 10-4165, 2012 WL 6161944, at *9 (E.D. La. Dec. 11, 2012) (quoting Federal Rule of Civil Procedure 41(a)(1)(B)). In support of their argument for the application of the two dismissal rule, several defendants identify numerous motions in the related bankruptcy proceeding that Plaintiffs voluntarily dismissed, along with a stipulation of dismissal of related bankruptcy appeals under Federal Rule of Appellate Procedure 42. Docket nos. 18 at 1–3; 14 at 6 (citing Docket nos. 8, 9).

Without conducting a detailed analysis of whether the motions and appeals dismissed by Plaintiffs constitute an "action based on or including the same claim" within the meaning of Rule 41(a)(1)(B), application of the two dismissal rule is not a proper question for this Court. This conclusion follows from the principle that a notice of dismissal is effective immediately without further order or action from the court, and divests the court of jurisdiction to decide the merits of an action.

---

[8] Defendants Schumacher, Sanders, and UTSA Blvd IH-10, LP also argue that these dismissals should be *with prejudice* based on *Freeman v. United States*, 98 Fed. Cl. 360 (2011). This case is inapposite. *Freeman* dealt with a dismissal by stipulation under Rule 41(a)(2), which requires judicial approval and a court order. *Freeman*, 98 Fed. Cl. at 367–68. Here, however, Plaintiffs voluntarily dismissed under Rule 41(a)(1)(A)(i) by notice of dismissal without the need for a court order.

The Ninth Circuit Court explained this logic in *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1075 (9th Cir. 1999). There, the plaintiff filed two "substantially identical actions." *Commercial Space*, 193 F.3d at 1076. The plaintiff, at the defendant's request, then signed a stipulation of dismissal in the first case, which was accompanied by a court order. *Id*. at 1076–77. The plaintiff then brought a third action, and later filed a "Notice of Voluntary Dismissal Without Prejudice" in the second action. *Id*. at 1077. In the second action, the defendant filed a motion to alter or amend the judgment under Rule 59(e), asking the district court to convert the plaintiff's notice of voluntary dismissal without prejudice into a dismissal with prejudice because of Rule 41(a)(1)(B)'s view of the stipulation of dismissal in the first action. *Id*. The district court denied the motion on the merits. *Id*. The Ninth Circuit affirmed on different grounds and vacated the district court's merits-based decision. *Id*.

The Ninth Circuit opinion was premised on the fundamental and familiar concept of Rule 41—"a Rule 41(a)(1) dismissal, once filed, automatically terminates the action, and thus federal jurisdiction, without judicial involvement." *Id*. at 1076. Recognizing the "absolute right" that Rule 41 gives to plaintiffs to dismiss their own actions under certain circumstances, combined with the automatic and self-effectuating impact of such a notice, the court found that

> the district court has no role to play once a notice of dismissal under Rule 41(a)(1) is filed. The action is terminated at that point, as if no action had ever been filed. Therefore, the district court has no power to place a condition on a Rule 41(a)(1) dismissal at the defendant's request. This would conflate Rule 41(a)(1) dismissals with Rule 41(a)(2) dismissals, contrary to their different language and purpose.

*Id*. at 1080. Therefore, the district court in the second action should not have decided whether the notice of dismissal was with or without prejudice because the issue "becomes ripe (and can be determined) only in a third action, if and when one is filed." *Id*. at 1076.

While the Court recognizes that *Commercial Space* is from the Ninth Circuit, its logic is instructive, particularly because it is based on law identical to that of the Fifth Circuit—a notice of voluntary dismissal is self-effectuating without court involvement.[9] Applying that logic, it would be inappropriate for this Court to determine the effect of a notice of dismissal that has already terminated the case, just as it was in *Commercial Space*.[10]

In sum, Plaintiffs' notices of dismissal (Docket nos. 10, 11) became effective immediately and automatically as to all defendants except for Lowe. Plaintiffs did not provide a sufficient justification for relief from these dismissals under Rule 60(b), and so their Motion to Withdraw (Docket no. 24) these notices is DENIED. Whether these dismissals are with or without prejudice is not a question properly before this Court because the dismissals were effective immediately, depriving this Court of jurisdiction to determine the merits of these already dismissed claims or place conditions on these dismissals. Should Plaintiffs file another related action, the effect of their notices of dismissal in this case will be a question properly before that court. Because nearly all of Plaintiffs' claims are dismissed through their own notices of dismissal, many of the defendants' motions—Docket nos. 4, 8,[11] 17, 19, 29, and 33—are DISMISSED as moot.

## II.   Lowe's Motion to Dismiss

As discussed above, Plaintiffs' voluntary dismissal under Rule 41(a)(1)(A)(i) was not effective as to Lowe because Lowe filed his answer before Plaintiffs filed their notices of

---

[9] The Ninth Circuit in *Commercial Space* quoted the same Fifth Circuit language from *Am. Cyanamid*, 317 F.2d at 297, that this order quotes above. *Commercial Space*, 193 F.3d at 1077.

[10] For a similar reason, it would not be appropriate, as some defendants request, for the Court to enter an order dismissing Plaintiffs' claims with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiffs' claims are already dismissed by the filing of their notices of dismissal; there are no claims left for the Court to dismiss through a Rule 41(a)(2) order.

[11] This dismissal for mootness is based on the motion's request to dismiss Plaintiffs' claims against Sanders, Schumacher, and UTSA, LP. This motion's request for sanctions is discussed below.

dismissal. Docket no. 5. The Court now turns to Lowe's Amended Motion to Dismiss, to which Plaintiffs have not responded. Docket no. 6.

Lowe presents several grounds for dismissal of Plaintiffs' claims against him. First, he argues that Plaintiffs have not satisfied a condition precedent by obtaining leave from the bankruptcy court to sue him because he is the bankruptcy trustee. *Id*. at 2. Next, he argues that judicial and collateral estoppel bar this suit based on prior orders of the bankruptcy court. *Id*. at 6. He adds that this Court lacks subject matter jurisdiction, that Plaintiffs' fraud claims do not satisfy the heightened pleading standard of Rule 9(b), and that res judicata and absolute privilege bar this suit. *Id*. at 6–7.

Lowe is correct that Plaintiffs' failure to obtain leave from the bankruptcy court to sue the trustee warrants dismissal of the claims against him. As the Fifth Circuit recently explained,

> [t]he Supreme Court has held that, "before suit is brought against a receiver leave of the court by which he was appointed must be obtained." *Barton v. Barbour*, 104 U.S. 126, 128, 26 L.Ed. 672 (1881). We have applied this principle to bankruptcy trustees, as have other circuits addressing the issue. *See Anderson v. United States*, 520 F.2d 1027, 1029 (5th Cir. 1975); *McDaniel v. Blust*, 668 F.3d 153, 156–57 (4th Cir. 2012) (collecting cases).

*Villegas v. Schmidt*, 788 F.3d 156, 158 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 588, 193 L. Ed. 2d 469 (2015). This is squarely the case here—as in *Villegas*, Plaintiffs seek to sue their Chapter 11 bankruptcy trustee for various actions taken in his capacity as bankruptcy trustee. Their complaint continually identifies Lowe as "trustee" and all of the allegations against him relate to actions taken as bankruptcy trustee. *See* Docket no. 1. Plaintiffs did not obtain leave to sue Lowe in this capacity from the bankruptcy court that appointed him as trustee, and his motion to dismiss is therefore granted.

Lowe's success on this argument, however, does not result in a dismissal with prejudice; it results in a dismissal without prejudice based on a lack of subject matter jurisdiction. The

holding in *Barton* was not that a plaintiff's failure to seek leave is a "condition precedent to suit," as Lowe argues. Docket no. 6 at 2. Instead, *Barton* held that the court that appoints the receiver must grant leave in order for another court *to have jurisdiction*. *Barton*, 104 U.S. at 131; *Carroll v. Abide*, 788 F.3d 502, 505 (5th Cir. 2015); *see also McDaniel v. Blust*, 668 F.3d 153, 156 (4th Cir. 2012) ("The Supreme Court established in Barton that *before another court may obtain subject-matter jurisdiction* over a suit filed against a receiver for acts committed in his official capacity, the plaintiff must obtain leave of the court that appointed the receiver" (emphasis added)). "When required by the *Barton* doctrine, failure to obtain leave from the court hosting the bankruptcy deprives the non-appointing court of subject matter jurisdiction that it might otherwise have." *Randazzo v. Babin*, CV 15-4943, 2016 WL 4418969, at *1 (E.D. La. Aug. 18, 2016). As a result, *Barton* presents an obstacle that is a "condition precedent" insofar as subject matter jurisdiction is a condition precedent to any lawsuit. Because Lowe's motion to dismiss is granted for a lack of subject matter jurisdiction over the claims against him, the Court declines to reach the other grounds in his motion, and dismisses Plaintiffs' claims against him without prejudice. *See id.* (dismissing claims against a bankruptcy trustee without prejudice under the *Barton* doctrine and declining to consider a Rule 12(b)(6) motion to dismiss due to a lack of subject matter jurisdiction).

## III.    Sanctions

Finally, the Court turns to the defendants' requests for sanctions. Docket nos. 8, 20. Certain defendants seek sanctions both based on the court's inherent authority and Federal Rule of Civil Procedure 11. These requests are based on Plaintiffs' conduct in two main ways. First, Defendants argue that Plaintiffs' claims lack any chance of success, are not warranted by existing law, and could only have been brought for an improper purpose, such as to harass or

delay; to support this argument, Defendants point out numerous instances of Plaintiffs' conduct from the related bankruptcy proceedings. Second, they argue that Plaintiffs' reliance on the advice of an attorney in drafting their complaint while representing that they were pro se warrants sanctions, perhaps from the attorney who advised Plaintiffs in drafting the complaint.

Even though the Court no longer has jurisdiction over the merits of this case due to the dismissals described above, it retains its inherent supervisory powers. *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010). These powers include the ability to impose sanctions under Rule 11, costs, or attorney's fees. *Id.*

Federal Rule of Civil Procedure 11(b), which forms the basis for the sanctions sought, provides as follows:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b). Review of a district court's imposition of sanctions is reviewed on an abuse of discretion standard. *Marceaux v. Lafayette City-Par. Consol. Gov't*, 614 Fed. Appx. 705, 708 (5th Cir. 2015).

Sanctions are inappropriate because Plaintiffs have not engaged in sanctionable conduct in this litigation. As Plaintiffs' response to the motion for sanctions points out, much of the

conduct specified in the motions for sanctions occurred in the bankruptcy proceedings, not before this Court. In addition, the Court does not view Plaintiffs' consultation of an attorney while drafting their complaint to be sanctionable, particularly in light of the fact that they admitted this in their own voluntary dismissals. As a result, defendants' requests for sanctions (Docket nos. 8, 20) are denied.

## CONCLUSION

For the foregoing reasons, all claims against all Defendants in this lawsuit are DISMISSED. Because of the effect of Plaintiffs' notices of voluntary dismissal, the following motions are DISMISSED as moot—Autry and Branscomb's Motion to Dismiss (Docket no. 4); Sanders, Schumacher, and UTSA, LP's Motion to Dismiss (Docket no. 8); Autry and Branscomb's Motion to Strike (Docket no. 17); Broadway National Bank's Motion to Dismiss (Docket no. 19); Broadway's Motion to Supplement (Docket no. 29); and Stratford Land Investment's Motion to Dismiss (Docket no. 33). Plaintiffs' Motion to Withdraw their notices of voluntary dismissal (Docket no. 24) is DENIED. Lowe's Motion to Dismiss (Docket no. 3) is DISMISSED as moot. Lowe's First Amended Motion to Dismiss (Docket no. 6) is GRANTED, and Plaintiffs' claims against Lowe are DISMISSED without prejudice for a lack of subject matter jurisdiction. Sanders, Schumacher, and UTSA, LP's Motion for Sanctions (Docket no. 8) is DENIED. Autry and Branscomb's Motion for Sanctions (Docket no. 20) is also DENIED.

It is so ORDERED.

SIGNED this 13th day of December, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

17